Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JOSE GUILLERMO MEDRANO AGUILAR, *individually and on behalf of others similarly situated,*

Plaintiff,

-against-

BIG BUBBLE CAR WASH INC. (D/B/A BIG BUBBLE CAR WASH & REPAIR), and BRIAN PORETSKY,

Defendants.

Case No. ______________

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION**

**ECF Case**

1. Plaintiff Jose Guillermo Medrano Aguilar ("Plaintiff Medrano" or "Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Big Bubble Car Wash Inc. (d/b/a Big Bubble Car Wash & Repair) ("Defendant Corporation"), and Brian Poretsky ("Individual Defendant") (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

2. Plaintiff is a former employee of Defendants Big Bubble Car Wash Inc. (d/b/a Big Bubble Car Wash & Repair), and Brian Poretsky.

3. Defendants own, operate, or control a car wash and automotive repair business located at 2944 86th Street, Brooklyn, New York 11223, under the name "Big Bubble Car Wash & Repair."

4. Upon information and belief, Individual Defendant Brian Poretsky serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the car wash as a joint or unified enterprise.

5. Plaintiff was employed as a car washer at the car wash located at 2944 86th Street, Brooklyn, New York 11223.

6. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours that he worked.

7. Defendants paid Plaintiff an hourly rate below the applicable New York City minimum wage.

8. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for unpaid minimum and overtime wages, spread of hours pay, and other violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the minimum wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, Part 142, including applicable liquidated damages, interest, attorneys' fees, and costs.

11. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b), and as a class action on behalf of himself and all other similarly situated employees and former employees of Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure with respect to his claims under the NYLL.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's and the Class members' state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this District. Defendants maintain their business at 2944 86th Street, Brooklyn, New York 11223, in Kings County, and Plaintiff was employed by Defendants in this District.

## PARTIES

### *Plaintiff*

14. Plaintiff Jose Guillermo Medrano Aguilar is an adult individual residing in Kings County, New York.

15. Plaintiff Medrano was employed by Defendants at Big Bubble Car Wash & Repair from approximately January 2023 until on or about November 6, 2026.

16. Plaintiff Medrano consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

***Defendants***

17. At all relevant times, Defendants owned, operated, or controlled a car wash and automotive repair business located at 2944 86th Street, Brooklyn, New York 11223, under the name "Big Bubble Car Wash & Repair."

18. Upon information and belief, Big Bubble Car Wash Inc. (d/b/a Big Bubble Car Wash & Repair) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2944 86th Street, Brooklyn, New York 11223.

19. Defendant Brian Poretsky is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Brian Poretsky is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Upon information and belief, Defendant Brian Poretsky is the owner and Chief Executive Officer of Defendant Corporation. Defendant Brian Poretsky possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

***Defendants Constitute Joint Employers***

20. Defendants operate a car wash and automotive repair business located at 2944 86th Street, Brooklyn, New York 11223. Upon information and belief, Defendants also operate an automotive repair shop and a car dealership at the same premises, and at least one additional car wash location.

21. Individual Defendant Brian Poretsky possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiff (and all similarly situated employees) and are Plaintiff's (and all similarly situated employees') employers within the meaning of 29 U.S.C. § 201 *et seq.* and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

26. Upon information and belief, Individual Defendant Brian Poretsky operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a. failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

b. defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c. transferring assets and debts freely as between all Defendants,

d. operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e. operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed corporation,

f. intermingling assets and debts of his own with Defendant Corporation,

g. diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h. other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

28. In each year from 2023 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used in the car wash on a daily basis, such as soaps, waxes, chemicals, cleaning supplies, and car wash equipment, were produced outside the State of New York.

***Individual Plaintiff***

30. Plaintiff is a former employee of Defendants who was employed as a car washer.

31. Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

***Plaintiff Jose Guillermo Medrano Aguilar***

32. Plaintiff Medrano was employed by Defendants from approximately January 2023 until on or about November 6, 2026.

33. Defendants employed Plaintiff Medrano as a car washer.

34. Plaintiff Medrano's duties included washing cars and cleaning the bathrooms and, on rainy days, cleaning the drainage area and the brushes used to wash cars.

35. Plaintiff Medrano regularly handled goods in interstate commerce, such as soaps, chemicals, cleaning supplies, and other supplies produced outside the State of New York.

36. Plaintiff Medrano's work duties required neither discretion nor independent judgment.

37. Throughout his employment with Defendants, Plaintiff Medrano regularly worked in excess of 40 hours per week.

38. From approximately January 2023 until on or about June 2025, Plaintiff Medrano worked from approximately 8:00 a.m. until on or about 6:00 p.m., seven days a week (typically 70 hours per week).

39. From approximately July 2025 until on or about November 6, 2026, Plaintiff Medrano worked from approximately 9:00 a.m. until on or about 5:00 p.m., Saturdays through Thursdays (typically 48 hours per week).

40. In addition, from approximately December through March of each year during this period, Plaintiff Medrano was required to work until approximately 6:00 p.m. three to four days a week (typically 51 to 52 hours per week).

41. From approximately September 2024 until on or about November 6, 2026, Plaintiff Medrano was required to remain at work approximately 10 to 15 minutes past his scheduled departure time every day, without compensation for that time.

42. From approximately September 2024 until on or about June 2025, Plaintiff Medrano's workday regularly exceeded 10 hours from start to finish.

43. Defendants did not grant Plaintiff Medrano any breaks or meal periods of any kind.

44. Throughout his employment, Defendants paid Plaintiff Medrano his wages in cash.

45. From approximately January 2023 until on or about June 2025, Defendants paid Plaintiff Medrano $13.00 per hour.

46. From approximately July 2025 until on or about June 2026, Defendants paid Plaintiff Medrano $14.00 per hour.

47. From approximately July 2026 until on or about November 6, 2026, Defendants paid Plaintiff Medrano $16.00 per hour.

48. Defendants never paid Plaintiff Medrano overtime compensation at one and one-half times his regular rate of pay for the hours he worked in excess of 40 hours per week.

49. Defendants never paid Plaintiff Medrano an additional hour's pay at the minimum wage for each day his spread of hours exceeded ten hours.

50. Defendants did not require Plaintiff Medrano to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device such as punch cards that accurately reflected his actual hours worked. Instead, Defendants' manager, known to Plaintiff Medrano as Samuel, noted only the hours Plaintiff Medrano was scheduled to work.

51. In order to receive his weekly pay, Defendants required Plaintiff Medrano to sign a blank document bearing only his name.

52. Defendants required Plaintiff Medrano to purchase "tools of the trade" with his own funds—including approximately five bottles of cleaning spray, at approximately $3.00 each.

53. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Medrano regarding overtime and wages under the FLSA and NYLL.

54. Defendants did not provide Plaintiff Medrano an accurate statement of wages, as required by NYLL § 195(3).

55. Defendants did not give any notice to Plaintiff Medrano, in English and in Spanish (Plaintiff Medrano's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

56. As a result of Defendants' failure to provide Plaintiff Medrano with a Notice of Pay Rate or accurate wage statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

***Defendants' General Employment Practices***

57. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

58. Plaintiff was a victim of Defendants' common policy and practices which violate his rights under the FLSA and NYLL by, *inter alia*, not paying him the wages he was owed for the hours he worked.

59. Defendants paid Plaintiff an hourly rate below the applicable New York City minimum wage, and paid him at his straight hourly rate, without any overtime premium, for the hours he worked in excess of 40 per week.

60. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

61. Defendants paid Plaintiff Medrano his wages in cash, without any accompanying statement of hours worked or wages paid.

62. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

63. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff and other similarly situated current and former workers.

65. Defendants failed to provide Plaintiff and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

66. Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees'

primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

67. As a result of Defendants' failure to provide Plaintiff Medrano and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

68. Plaintiff Medrano brings his FLSA overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

69. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at one and one-half

times their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

70. The claims of Plaintiff stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

71. Plaintiff sues on his own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

72. Plaintiff brings his New York Labor Law minimum wage, overtime, spread of hours, wage notice, wage statement, unreimbursed tools-of-the-trade, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York as car washers, car wash attendants, or other non-exempt employees, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class."

73. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number depends are presently within the sole control of Defendants, upon information and belief, there are more than forty members of the Class during the Class Period, in light of Defendants' staffing at the car wash, their additional car wash location, and employee turnover over the six-year Class Period.

74. There are questions of law and fact common to the Class including:

a. What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b. Whether Defendants paid the Class members an hourly rate below the applicable New York minimum wage;

c. Whether Defendants paid the Class members at their straight hourly rate, without any overtime premium, for hours worked in excess of forty per week;

d. Whether Defendants failed and/or refused to pay the Class members "spread of hours" pay;

e. Whether Defendants required the Class members to purchase tools of the trade without reimbursement;

f. Whether Defendants failed to provide the Class members the wage notices and wage statements required by NYLL §§ 195(1) and 195(3);

g. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work; and

h. What are the common conditions of employment and in the workplace, such as recordkeeping, breaks, and policies and practices that affect whether the Class members were paid at the minimum wage and at overtime rates for overtime work.

75. The claims of the representative party are typical of the claims of the Class. Plaintiff and the other Class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of minimum wage, overtime, and spread of hours pay, and failure to keep required records and provide required notices. The job duties of the named Plaintiff were and are typical of those of the Class members.

76. The representative party will fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. The named Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

77. The common questions of law and fact predominate over questions affecting only individual members.

78. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

79. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

80. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

81. At all times relevant to this action, Defendants were Plaintiff's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA Class members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

82. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

83. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 203(r)-(s).

84. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

85. Defendants' failure to pay Plaintiff (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

86. Plaintiff (and the FLSA Class members) were damaged in an amount to be determined at trial.

**<u>SECOND CAUSE OF ACTION</u>**

**VIOLATION OF THE NEW YORK MINIMUM WAGE ACT**

87. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

88. At all times relevant to this action, Defendants were Plaintiff's employers (and employers of the Class members) within the meaning of N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff (and the Class members), controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

89. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff (and the Class members) less than the minimum wage.

90. Defendants' failure to pay Plaintiff (and the Class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

91. Plaintiff (and the Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

92. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants, in violation of N.Y. Lab. Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff (and the Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

94. Defendants' failure to pay Plaintiff (and the Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

95. Plaintiff (and the Class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

96. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

97. Defendants failed to pay Plaintiff (and the Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day their spread of hours exceeded ten hours, in violation of NYLL §§ 650 et seq. and 12 N.Y.C.R.R. § 142-2.4.

98. Defendants' failure to pay Plaintiff (and the Class members) an additional hour's pay for each day their spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

99. Plaintiff (and the Class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

100. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

101. Defendants failed to provide Plaintiff (and the Class members) with a written notice, in English and in their primary language (Spanish, in Plaintiff's case), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

102. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Medrano, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 195.

103. Defendants are liable to Plaintiff (and each Class member) in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

104. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

105. With each payment of wages, Defendants failed to provide Plaintiff (and the Class members) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary,

piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

106. As a result of Defendants' failure to furnish accurate statements to Plaintiff Medrano, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 195.

107. Defendants are liable to Plaintiff (and each Class member) in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

108. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

109. Defendants required Plaintiff (and the Class members) to pay, without reimbursement, the costs and expenses for purchasing equipment and "tools of the trade" required to perform their jobs, such as cleaning sprays, further reducing their wages in violation of the NYLL. N.Y. Lab. Law §§ 193 and 198-b.

110. Plaintiff (and the Class members) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Certifying this action as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class, designating Plaintiff as class representative, and designating Plaintiff's counsel as class counsel;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff and the FLSA Class members;

(f) Awarding Plaintiff and the FLSA Class members damages for the amount of unpaid overtime compensation under the FLSA as applicable;

(g) Awarding Plaintiff and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime compensation under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the Class members;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the Class members;

(j) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commissioner of Labor as to Plaintiff and the Class members;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff's and the Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff and the Class members;

(m) Awarding Plaintiff and the Class members damages for the amount of unpaid minimum wage, overtime compensation, and spread of hours pay, and for any improper deductions or credits taken against wages, including the cost of tools of the trade, under the NYLL as applicable;

(n) Awarding Plaintiff and the Class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(o) Awarding Plaintiff and the Class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable, and liquidated damages pursuant to NYLL § 198(3);

(p) Awarding Plaintiff, the FLSA Class members, and the Class members pre-judgment interest, including pre-judgment interest at the rate of nine percent per annum on their state law claims pursuant to N.Y. C.P.L.R. §§ 5001 and 5004, and post-judgment interest as applicable;

(q) Awarding Plaintiff, the FLSA Class members, and the Class members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
November 10, 2026

**MICHAEL FAILLACE & ASSOCIATES, P.C.**

By: */s/* Michael Faillace
Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620
Michael@faillacelaw.com

**BY HAND**

TO: Clerk of Court

**CONSENT TO BECOME A PARTY PLAINTIFF**
**CONSENTIMIENTO PARA SER PARTE DEMANDANTE**

I hereby consent to join this lawsuit as a party plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 216(b), to recover unpaid wages from Big Bubble Car Wash and Repair and any related entities and individuals, and I authorize Michael Faillace & Associates, P.C. to represent me in this action.

**(Yo, por medio de este documento, doy mi consentimiento para formar parte de esta demanda como uno de los demandantes, conforme a la Ley de Normas Justas de Trabajo (Fair Labor Standards Act), 29 U.S.C. § 216(b), para recuperar salarios no pagados de Big Bubble Car Wash and Repair y de las entidades y personas relacionadas, y autorizo a Michael Faillace & Associates, P.C. a representarme en esta acción.)**

| | |
|---|---|
| **Name / Nombre:** | Jose Guillermo Medrano Aguilar<br>708 Oceanview Avenue, Apt. 1, Brooklyn, NY 11235 |
| **Signature / Firma:** | [signature] |
| **Legal Representative / Abogado:** | Michael Faillace & Associates, P.C. |
| **Date / Fecha:** | October 30, 2026 |